# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-338V
Filed: March 31, 2016
Not for Publication

*************************************
HOLLY SNYDER,                         *
                                      *
             Petitioner,              *
                                      *     Attorneys' fees and costs decision;
v.                                    *     reasonable attorneys' fees and costs
                                      *
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
             Respondent.              *
                                      *
*************************************

Lawrence R. Cohan, Philadelphia, PA for petitioner.
Glenn A. MacLeod, Washington, DC, for respondent.

**MILLMAN, Special Master**


### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On April 1, 2015, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012). Petitioner alleged that she suffered from acute disseminated encephalomyelitis ("ADEM") caused by her receipt of the influenza ("flu") vaccine on October 10, 2012. On February 10, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation.

On March 14, 2016, petitioner filed a motion for attorneys' fees and costs. Petitioner requests attorneys' fees in the amount of $25,020.00 and attorneys' costs in the amount of

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

$4,699.33 for a total amount of $29,719.33.  In compliance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.

On March 30, 2016, respondent filed a response to petitioner's motion stating that it is within the "Special Master's discretion . . . to issue an award in this case which, in her experience and judgment and based upon her 'overall sense' of the case, is reasonable for the work done."  Resp. at 4.  Respondent also explains that she is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. §§ 300aa-15(e)(1)(A)-(B).  Id. at 2 n.2(a).  Finally, respondent states that her "estimation of reasonable attorneys' fees and costs for the present case roughly falls between $23,000.00 and $25,000.00." Id. at n.2(b).  Respondent bases these estimates on her "judgment and experience in similar cases under the Vaccine Act."  Id.

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013). Respondent's counsel does not provide support for his contention that petitioner's counsel should be paid roughly $23,000.00 to 25,000.00 for his work on the case besides his client's estimation based on experience with similar cases.  The undersigned also has extensive experience in awarding attorneys' fees and costs in similar cases.  Based on her experience and review of the billing records and invoices submitted by petitioner, the undersigned finds the amount requested by petitioner to be reasonable.  Therefore, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.   The undersigned awards **$29,719.33**, representing reimbursement for attorneys' fees and costs.  The award shall be in the form of a check made payable jointly to petitioner and Anapol Weiss in the amount of **$29,719.33**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]


**IT IS SO ORDERED.**


Dated: March 31, 2016                                                            s/ Laura D. Millman
                                                                                             Laura D. Millman
                                                                                             Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.